Filed 9/30/14  P. v. Winger CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>JOSHUA ISAIAH WINGER,<br><br>      Defendant and Appellant. | A141446<br><br>(Mendocino County<br>Super. Ct. No.<br>SCUKCRCR137549012) |

Joshua Isaiah Winger (appellant) appeals from a judgment entered after he pleaded no contest to one felony count of receiving stolen property (Pen. Code, § 496, subd. (a)[1]) and the trial court sentenced him to 16 months in county jail.  Appellant's counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and requests that we conduct an independent review of the record.  Appellant was informed of his right to file a supplemental brief and did not do so.  Having independently reviewed the record, we conclude there are no issues that require further briefing, and shall affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 2, 2014, a criminal complaint was filed charging appellant with one felony count of receiving stolen property (§ 496, subd. (a)) and alleging one prior prison term enhancement (§ 667.5, subd. (b)).  Appellant entered a no contest plea to count one with the understanding that he would receive a low-term county jail commitment (§ 1170, subd. (h)(2)) of 16 months and dismissal of the prior prison term enhancement.  The

[1]All statutory references are to the Penal Code.

1

prosecutor stated the following factual basis for appellant's no contest plea: "On the date alleged in the complaint, in the county of Mendocino, the defendant had on his—or within his vehicle various items of property that had been stolen, including a chainsaw . . . ." The prosecutor alleged possession of other stolen property, but appellant, through counsel, only admitted possession of the chainsaw. When personally asked if he admitted possessing a stolen chainsaw, appellant answered: "Apparently. Allegedly stolen, but yes, sir."

Appellant waived his rights under *Boykin/Tahl*[2] and admitted there was a factual basis for his plea. At appellant's request, the court sentenced appellant immediately to the negotiated county jail term of 16 months. The court awarded appellant 112 days of presentence credits, comprised of 56 days of custody credits (§ 2933.1) and 56 days of conduct credits (§ 4019). The court also imposed a $280 restitution fine (§ 1202.4, subd. (b)), a $40 court security fee (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373). The court suspended imposition of a $280 postrelease community supervision fine (PRCS fine) (§ 1202.45). Appellant filed a timely notice of appeal, and the trial court denied his request for a certificate of probable cause to challenge the validity of his plea.

On July 29, 2014, appellate counsel sent a letter to the Mendocino County Superior Court requesting that the suspended PRCS fine be vacated as an unauthorized sentence. Appellate counsel pointed out in the letter: "Although the Court suspended imposition of this fine (as required by subdivision (c) of the [section 1202.45]), it appears that the statute does not apply to Mr. Winger at all, as his sentence does not include a period of parole, postrelease community supervision, or mandatory supervision." The trial court granted the request and amended its minute order and abstract of judgment.

## DISCUSSION

Appellant's counsel has filed a brief pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436, and asks this court to independently "conduct a review of the entire record

---

[2]*Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122.

to determine whether the record reveals any issues that would, if resolved favorably to the appellant, result in reversal or modification of the judgment." A review of the record has disclosed no reasonably arguable appellate issue, and we are satisfied that counsel has fully complied with his responsibilities. (*People v. Wende*, *supra*, 25 Cal.3d 436, *People v. Kelly* (2006) 40 Cal.4th 106.) There was a factual basis for appellant's plea, and there is no clear and convincing evidence of good cause to allow appellant to withdraw his plea. Appellant was adequately represented by counsel at every stage of the proceedings. The sentencing error was corrected. There are no issues that require further briefing.

**DISPOSITION**

The judgment is affirmed.

_____

McGuiness, P.J.

We concur:

_____

Pollak, J.

_____

Siggins, J.

3